## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CITY OF PARTRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 10-1179-KHV |
| | ) |
| DARRIN JOHN and | ) |
| LARRY MILBURN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On September 1, 2009, the City of Partridge filed suit in state court in Reno County, Kansas against Darrin John and Larry Milburn alleging breach of contract and seeking to enforce a city building code ordinance. See Notice Of Removal (Doc. #1) filed June 20, 2010, at 14-15. On June 2, 2010, Larry Milburn, proceeding pro se, filed a notice of removal to federal court, asserting jurisdiction under 28 U.S.C. § 1443. This matter is before the Court on plaintiff's Motion To Remand (Doc. #6) filed June 15, 2010 and plaintiff's Motion For Preliminary Injunction Or Immediate Ruling On Motion For Remand (Doc. #12) filed July 7, 2010. For reasons set forth below, the Court sustains plaintiff's motion to remand and overrules the remaining motion as moot.

## Legal Standards

The Court must strictly construe federal removal statutes. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The Court must resolve any doubts concerning removability in favor of remand. See Russell v. Sprint Corp., 264 F. Supp.2d 955, 958 (D. Kan. 2003). The Court is required to remand

"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Wariner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

## Factual And Procedural Background

As noted, on September 1, 2009, the City of Partridge ("the City") filed a petition in state court against Darrin John and Larry Milburn. Briefly summarized, the state court petition alleges the following facts:

Darrin John owned a mobile home that was parked in a lot at 430 S. Main Street in the City. The mobile home did not conform to the City Code. On May 4, 2009, the City and Darrin John entered a settlement agreement and release which provided that John would remove the mobile home within 90 days. Before the 90 days expired, John sold the mobile home and lot to Larry Milburn. In August of 2009, Milburn told the City that he and John would move the mobile home off the lot, then immediately place it back on the lot. The City informed Milburn that this action would violate the intent and spirit of the agreement.

The City filed suit in state court, seeking an injunction to enforce the settlement agreement. Specifically, the City asked the court to order Milburn and John to permanently remove the mobile home from the lot at 430 S. Main Street. On September 21, 2009, Milburn filed his first response to the state court complaint. The case proceeded through discovery. On April 12, 2010, the City

filed a motion for summary judgment. On April 22, 2010, the state court issued a temporary restraining order to prevent Milburn from constructing a sewer system on the lot without a permit. On June 2, 2010 – two days before a scheduled state court hearing on the City's summary judgment motion – Milburn filed a notice of removal to this court pursuant to 28 U.S.C. § 1443. He argued that the state court proceedings violated his federal constitutional rights to equal protection under the Fifth and Fourteenth Amendments.

On June 15, 2010, the City filed a motion to remand. The City asserts that Milburn has not shown that removal is proper under 28 U.S.C. § 1443 or under 28 U.S.C. § 1441(b).[1]

**Analysis**

**I. Removal under 28 U.S.C. Section 1443**

Milburn seeks to remove the case to federal court under 28 U.S.C. § 1443, which provides in pertinent part as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

---

[1] The City also asserts that notice of removal was not timely under 28 U.S.C. § 1446. Defendants must file their notice of removal within 30 days after receiving a copy of the state court petition setting forth the claim for relief upon which the action is based. See 28 U.S.C. § 1446(b). The 30-day time limit is mandatory and failure to comply with the requirement is a defect in removal which justifies remand. See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999); see also Farm & City Ins. Co. v. Johnson, 190 F. Supp.2d 1232, 1236 (D. Kan. 2002) (30-day time limit mandatory but not jurisdictional); McCain v. Cahoj, 794 F. Supp. 1061, 1062 (D. Kan. 1992) (30-day time limit mandatory and strictly construed). If the initial petition in state court is not removable, a defendant may file a notice of removal within 30 days after receipt of a copy of the amended petition or other document "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). See O'Bryan v. Chandler, 496 F.2d 403, 409 (10th Cir. 1974) (must be both an amended pleading or paper and a ground for asserting removability that exists for the first time). Because Milburn has not shown any basis for removal, the Court does not address the timeliness issue.

-3-

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Under Section 1443, removal is proper only if the petitioner satisfies a two prong test. First, petitioner must show that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." State of Colo. v. Lopez, 919 F.2d 131, 132 (10th Cir. 1990) (quoting Johnson v. Mississippi, 421 U.S. 213, 219, (1975)). Second, petitioner must show that he is denied or cannot enforce the specified federal rights in the courts of the State. Id. (quoting Johnson, 421 U.S. at 219); see Akhlaghi v. Berry, 294 F. Supp. 2d 1238, 1241-1242 (D. Kan. 2003).

This case does not satisfy either prong of the test. Though Milburn claims a violation of his equal protection rights, he does not suggest that he is attempting to assert the denial of a right "stated in terms of racial equality."[2] A defendant's reliance on broad constitutional or statutory provisions does not support removal under section 1443 when those provisions "are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands." Georgia v. Rachel, 384 U.S. 780, 792 (1966) (referring to First Amendment and Due Process Clause of Fourteenth Amendment); accord Alabama v. Conley, 245 F.3d 1292, 1295-96 (11th Cir. 2001) (reliance on Equal Protection Clause insufficient to satisfy

---

[2] Milburn and most of the City officials who entered the settlement agreement are Caucasian.

Section 1443(1)).

The second prong – that defendant will be "denied or cannot enforce" the specific federal right in the state court – normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision. See Johnson, 421 U.S. at 219 (quoting Georgia v. Rachel, 384 U.S. at 803). As an example of the second prong, the Supreme Court has cited "a state enactment, discriminatory on its face, [which] so clearly authorized discrimination that it could be taken as a suitable indication that all courts in that state would disregard the federal right of equality with which the state enactment was precisely in conflict." Rachel, 384 U.S. at 804; see Akhlaghi 294 F. Supp. 2d at 1242. This requirement ensures that removal is available only in cases where the predicted denial "appears with relative clarity prior to trial." Akhlaghi 294 F. Supp. 2d at 1242 (removal must not involve federal judges in "unseemly process of prejudging their brethren of the state courts") (quoting Rachel, 384 U.S. at 803-804). Here, Milburn does not point to any formal expression of Kansas law that manifests a denial of his asserted federal rights.[3] Milburn has failed to satisfy the requirements for removal under Section 1443. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001) (party invoking federal court jurisdiction bears burden of establishing requirements for exercise of removal jurisdiction).

## II.     Removal Under 28 U.S.C. § 1441(b)

Here, Milburn did not seek removal under Section 1441, which provides for removal where plaintiff's properly pleaded state court complaint presents a federal question. See 28 U.S.C. § 1331 (federal district courts have original federal question jurisdiction over all civil actions arising under

---

[3]     Further, the Fifth and Fourteenth Amendments do not confer the right to engage in the specific conduct of which plaintiff accuses defendant – failure to follow city ordinances and meet contractual obligations. See City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 826 (1966).

Constitution, laws, or treaties of United States).[4]  In any event, federal question removal is not proper under Section 1441(b).[5]  The state court complaint does not raise federal questions; it relies only upon a city ordinance and state law.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question jurisdiction governed by the "well-pleaded complaint rule," which provides federal jurisdiction when federal question is presented on face of plaintiff's properly pleaded complaint).  The notice of removal asserts that the City's enforcement of ordinances violates Milburn's equal protection rights under the Constitution.  In considering whether an action arises under federal law, however, "a defense which implicates a federal question is not considered part of plaintiff's properly pleaded complaint."  Hoover v. Allied Van Lines, 205 F. Supp.2d 1232, 1236 (D. Kan. 2002): see Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).  Removal is clearly not appropriate under 28 U.S.C. 1441(b).

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Remand (Doc. #6) filed June 15, 2010 be and hereby is **SUSTAINED**.

---

[4]     Section 1441 provides in relevant part as follows:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. 1441(b). Where, as here, diversity of citizenship is lacking, federal question jurisdiction is a potential basis for jurisdiction. See 28 U.S.C. § 1331.

[5]     Plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001). But even though state law creates plaintiff's causes of action, the case might still arise under the laws of the United States if a well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial question of federal law. City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 164 (1997) (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983) (case arises under federal law when federal law creates cause of action or plaintiff's right to relief necessarily depends on resolution of substantial question of federal law)).

**IT IS FURTHER ORDERED** that plaintiff's Motion For Preliminary Injunction Or Immediate Ruling On Motion For Remand (Doc. #12) filed July 7, 2010 be and hereby is **OVERRULED** as moot.

The clerk is directed to **REMAND** the case to the District Court of Reno County, Kansas.

Dated this 28th day of August, 2010, at Kansas City, Kansas.

        s/ Kathryn H. Vratil
        KATHRYN H. VRATIL
        United States District Judge